**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CORINNA CAUDILL, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| THE NORTH HIGHLAND COMPANY, LLC & ARBY'S RESTAURANT GROUP INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Corinna Caudill, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against The North Highland Company, LLC ("Defendant North Highland") and Arby's Restaurant Group, Inc. ("Defendant Arby's") (referred to collectively as "Defendants"), and states as follows:

## I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Age Discrimination in

Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

2.     Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4.     Plaintiff is a citizen of the United States and a resident of Cobb County, Georgia.

5.     Defendant North Highland is a Foreign Limited Liability Company doing business in the state of Georgia, with a principal office located at 3333 Piedmont Road, NE, Atlanta, Georgia 30305.

6.     Defendant Arby's is a Foreign Profit Corporation doing business in the state of Georgia, with a principal office located at Three Glenlake Parkway NE, 5th Floor, Atlanta, Georgia 30328.

7.     This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

8.     Defendant North Highland may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S.

Culver St, Lawrenceville, Georgia 30046.

9.      Defendant Arby's may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

10.     In all relevant respects, Defendants are joint employers.

11.     Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

12.     During all times relevant to her claims, Plaintiff was over the age of 40.

13.     Plaintiff was employed by Defendant North Highland from on or about July 24, 2017, until August 7, 2017.

14.     Plaintiff was employed by Defendant Arby's from on or about July 24, 2017, until August 7, 2017.

15.     Plaintiff was employed by Defendant North Highland as a Business Analyst/Management Consultant supporting a Learning Management System implementation project with Defendant Arby's.

16.     Plaintiff worked onsite at Defendant Arby's corporate headquarters in Sandy Springs, Georgia.

17.     During all times relevant to this Complaint, Plaintiff worked under the supervision of Ms. Elizabeth Olsen, Defendant Arby's Manager, and Mr. Alex Parker, Defendant North Highland Project Manager.

18.     Plaintiff received no disciplinary actions or negative performance evaluations from Defendant North Highland prior to her termination.

19.     Plaintiff received no disciplinary actions or negative performance evaluations from Defendant Arby's prior to her termination.

20.     Plaintiff worked closely with Ms. Olsen following her start with Defendants, for approximately eight days.

21.     The most recent meeting between Plaintiff and Ms. Olsen occurred on August 7, 2017.

22.     During this meeting, Ms. Olsen called herself old despite being significantly younger than Plaintiff.

23.     Upon information and belief, during all times relevant to Plaintiff's claims, Ms. Olsen was under the age of 40.

24.     Plaintiff informed Ms. Olsen that Plaintiff was 44 years old.

25.     Several hours after the meeting, Mr. Parker pulled Plaintiff into an empty office and stated that Ms. Olsen no longer wished to work with Plaintiff.

26.    Mr. Parker indicated that he was surprised by Ms. Olsen's statement, as he had previously checked in with Ms. Olsen and she had no complaints against Plaintiff.

27.    Mr. Parker also indicated that he had asked Ms. Olsen to meet with him and Plaintiff to discuss the proposed termination, however Ms. Olsen refused.

28.    Ms. Olsen instead insisted that Plaintiff be terminated from the Arby's project immediately and escorted out of the building.

29.    Mr. Parker also terminated Plaintiff from her position with Defendant North Highland.

30.    No reason was given to Plaintiff for her termination from her employment with Defendant Arby's.

31.    No reason was given to Plaintiff for her termination from her employment with Defendant North Highland.

32.    Plaintiff filed claims against Defendant North Highland with the EEOC in December 2017, Charge Number 410-2018-01337.

33.    Plaintiff filed claims against Defendant Arby's with the EEOC in December 2017, Charge Number 410-2018-01321.

34.    Plaintiff received her Dismissal and Notice Rights from the EEOC, dated

August 5, 2020.

## IV. CLAIMS FOR RELIEF

## COUNT I: ADEA DISCRIMINATION

35.     Plaintiff reasserts and incorporates Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     Plaintiff is a member of a protected class by virtue of her age. *Para. 12.*

37.     Defendants were aware of Plaintiff's age.

38.     Plaintiff was qualified for the position at issue. *Para. 18.*

39.     Plaintiff suffered the adverse action of termination. *Paras. 28-29.*

40.     The termination of Plaintiff immediately following the disclosure of her age to Ms. Olsen provides evidence of a discriminatory animus. *Paras. 24-25.*

41.     Defendants have no legitimate reason for Plaintiff's termination. *Paras. 30-31.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the

enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 2nd day of November, 2020.

THE KIRBY G. SMITH LAW FIRM, LLC

 s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 2nd day of November, 2020.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 2nd day of November, 2020.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com